FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

JUL 1 0 2009

JAMES N. HATTEN, Clerk
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WENDY BROOKSHIRE, GDC # 1058337, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : : | CIVIL ACTION NO. 1:09-CV-1612-TWT |
| UNNAMED DEFENDANT, Defendant. | : : | |

## ORDER AND OPINION

Wendy Brookshire, an inmate at the Metro State Prison in Atlanta, Georgia, has submitted a letter to the Court which the Clerk has filed as a civil rights action brought pursuant to 42 U.S.C. § 1983. However, it does not appear that Brookshire intended to file such an action at this time.

In her letter, Brookshire states that she has been charged in state court with theft by deception and that her probation was revoked because of the charges. Brookshire contends that she is innocent of the charges, and she seeks assistance in the investigation of the facts surrounding her case.

To the extent that Brookshire seeks to challenge the validity of her current detention and pending charges, she cannot do so in a § 1983 action. A habeas corpus petition is the proper vehicle for raising claims that may affect the fact or duration

of a criminal defendant's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). Thus, Brookshire must seek habeas corpus relief.

However, this Court will not construe Brookshire's letter as a habeas corpus petition since it appears that Brookshire's state criminal proceedings are ongoing. The Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), held that, except in extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. Younger, 401 U.S. at 53-54; Maharaj v. Sec'y for Dep't of Corr., 304 F.3d 1345, 1348 (11th Cir. 2002). If the relief sought would disrupt the state criminal proceeding, it is generally prohibited by the Younger doctrine. In the instant case, it appears that Brookshire's state criminal proceedings are ongoing. Thus, this Court must abstain from interfering in Brookshire's state criminal action.

Extraordinary circumstances may justify intervention in a situation where a petitioner alleges great, immediate and irreparable injury or flagrant violation of an express constitutional prohibition. See Younger, 401 U.S. at 46. However, Brookshire has not alleged irreparable injury or a flagrant violation of her rights.

Moreover, before Brookshire may seek habeas corpus relief in this Court, she must first exhaust her state court remedies which she apparently has not done.

2

Brookshire may challenge the legality of her detention by filing a petition for state habeas corpus relief pursuant to O.C.G.A. § 9-14-1(a). Brookshire has made no showing or argument that would tend to indicate that the available state process is ineffective to protect her rights. So long as review is available in the Georgia courts, "this Court is precluded from the consideration of the substance of [Brookshire's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." Fields v. Tankersley, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). Brookshire may seek federal habeas corpus relief in this Court after she has exhausted the remedies available to her in the state courts.

As the Court finds that Brookshire did not intend to file a civil action at this time, **IT IS ORDERED** that the instant action be **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this _10_ day of _July_, 2009.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)